**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

|  |  |
|---|---|
| GABRIEL GUTIERREZ, | |
| Plaintiff. | Case No. 2 6 - c v - 8 2 5 3 |
| v. | |
| CHICAGO PARK DISTRICT, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, GABRIEL GUTIERREZ, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant CHICAGO PARK DISTRICT, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1.      This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331.

2.      Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, and harmed by Defendant in this District.

**PARTIES**

3.      Plaintiff, GABRIEL GUTIERREZ ("Plaintiff"), was at all times relevant to this suit an adult male, residing in Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, and harmed by Defendant in this District.

4.      Defendant CHICAGO PARK DISTRICT ("Defendant"), is duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, and harmed Plaintiff in this District.  Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the ADA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5.      On or about July 5, 2024, Plaintiff timely filed Charges of Discrimination alleging sex discrimination and disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2024-09882.

6.      On April 14, 2026, Plaintiff received the EEOC's Notice of Right to Sue on EEOC Charge No. 440-2024-09882.

7.      Therefore, Plaintiffs Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**UNDERLYING FACTS COMMON TO ALL COUNTS**

8.      On January 2, 2005, Plaintiff was hired as a Accounts Payable Accountant for Chicago Park District ("Defendant").

9.      Plaintiff's sex is Male; and he has disability covered by the ADA, torn meniscus and ACL injury.

10. Defendant was apprised of Plaintiffs sex and disabilities.

11. Plaintiff performed his job satisfactorily within legitimate expectations of Defendant.

12. At all times relevant hereto, Lori Lamantia, was Plaintiff's supervisor.

13. After sustaining a knee injury in March 2024, Plaintiff's doctor recommended working from home for a few months while Plaintiff recovered.

14. However, Defendant refused to allow Plaintiff to work from home, even though he can fully perform his job duties from home; further, the Chicago Park District issued a policy in 2023 permitting remote work.

15. Defendant also refused to engage in an interactive process.

16. Nevertheless, Plaintiffs manager, Lori Lamantia, has suggested to female workers in Plaintiff's department that they work remotely from home (without a request) and also though the Plaintiffs female coworkers did not wish to work remotely,

17. When Plaintiff questioned Ms. Lamantia, she stopped training and stopped communicating with him, while continuing to speak with and train his female coworkers.

18. Thus, because of Plaintiffs sex and disability, Plaintiff was subjected to harassment, disparate treatment and discrimination.

## COUNT I - SEX DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

19. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiffs Complaint as if fully set forth herein.

20. Plaintiff, Male, is a member of a protected class.

21. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

22.     Plaintiff apprised Defendant of his Sex, Male.

23.     Defendant discriminated against Plaintiff because of his Sex by refusing to accommodate his desire of a safe and free non-discriminatory workplace and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been a Male and everything else having been the same.

24.     Other Female employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiffs terms and conditions of employment with Defendant.

25.     Plaintiff's sex was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiffs sex.

26.     Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, GABRIEL GUTIERREZ, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A.     Declare, decree, and adjudge that Defendant violated Title VII;

B.     Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C.     Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D.     Order Defendant to pay the Plaintiff compensatory damages;

E.     Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.     Award the Plaintiff his reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – DISCRIMINATION / FAILURE TO ACCOMMODATE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. Seq

27.     Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

28.     Defendant is an employer, as defined by the ADA.

29.     Plaintiff had a disability protected by the ADA.

30.     Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of his job with or without reasonable accommodation.

31.     The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

32.     Nevertheless, Defendant discriminated against Plaintiff because he suffered from the aforementioned disabilities and participated in a protected activity.

33.     Similarly situated employees without a disability were treated more favorably by Defendant.

34.     Therefore, Plaintiff suffered an adverse employment action by Defendant because of his disability

35.     Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, GABRIEL GUTIERREZ, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

5

A.    Declare, decree, and adjudge that Defendant violated ADA;

B.    Grant an injunction against Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C.    Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D.    Order Defendant to pay the Plaintiff compensatory damages;

E.    Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.    Award the Plaintiff his reasonable attorney's fees and costs; and

G.    Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: July 13, 2026

                                          /s/    _Antonio L. Jeffrey_
                                                Attorney for Plaintiff


JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com